IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HOWARD E. GOOD,**

    **Plaintiff,**

    v.

**REBEKAH SINNOTT, et al.,**

    **Defendants.**

Case No. 2:21-cv-4188
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Revised Motion for Leave to Proceed *in forma pauperis*. (Doc. 3). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Having performed an initial screen, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

**I.    BACKGROUND**

Plaintiff Howard E. Good, who is proceeding *pro se*, brings this action against Rebekah Sinnott, the Clark County Public Defender's Office ("CCPD") and its Director Jim Marshall ("Director Marshall"). (*See generally* Doc. 1-1). The allegations in the Complaint stem from Plaintiff's ongoing criminal case in the Clark County Court of Common Pleas. (*Id*. at 3). Plaintiff alleges that "on or about June 30, 2021, [Ms. Sinnott] shared information protected by attorney client privilege and thus sabotaged [his] legal position." (*Id*.). The information at issue was video footage relevant to Plaintiff's arrest for felonious assault, which he alleges was "extremely harmful and prejudicial[.]" (*Id*.). Plaintiff claims Ms. Sinnott violated attorney-client privilege when she shared this video with the state, because "the state did not know [the] video ever existed[.]" (*Id*.).

Plaintiff further alleges Ms. Sinnott "sabotaged [his] legal position" by requesting a continuance, despite him wanting to proceed to trial. (*Id*. at 4). This "manipulation," Plaintiff claims, resulted in his criminal case not being dismissed. (*Id*. at 5). In regard to Defendants CCPD and Director Marshall, Plaintiff alleges each "failed to instruct, supervise and discipline its employees on a continuing basis and so under color of law violated [his] constitutional rights." (*Id*. at 4). Plaintiff seeks $750,000 in compensatory damages, $750,000 in punitive damages and "any and all other damages [the] Court deems appropriate." (*Id*. at 6).

Plaintiff filed his Complaint on August 17, 2021 (Doc. 1-1) along with a Motion for Leave to Proceed *in forma pauperis* (Doc. 1). Upon review of that Motion, the Court could not determine how Plaintiff supports himself, and directed him to file a revised motion. (Doc. 2). Plaintiff filed that revised Motion (Doc. 3), and the Court is now satisfied he meets the standard governing a motion to proceed *in forma pauperis*. *See Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331 (1948). Accordingly, the Court now conducts an initial screen of Plaintiff's Complaint (Doc. 1-1) pursuant to 28 U.S.C. § 1915(e)(2).

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing his Complaint, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. DISCUSSION

Plaintiff's claim fall into two categories. First, he alleges Ms. Sinnott violated his constitutional rights by "sabotage[ing] [his] legal position" in his criminal case. (*See generally* Doc. 1-1). More specifically, he alleges that in the course of her representation, Ms. Sinnott "shared information protected by attorney client privilege[,]" and ignored Plaintiff's objections to a continuance, which prevented his case from being dismissed. (*Id*. at 3–5). Secondly, Plaintiff alleges Director Marshall and CCPD "failed to instruct, supervise, and discipline" Ms. Sinnott, which resulted in a violation of his constitutional rights. (*Id*. at 4). The Court addresses each claim in turn.

#### A. Claims Against Ms. Sinnott

Plaintiff's claims against Ms. Sinnott must be dismissed as they "fail to state a claim upon which relief can be granted." 28 U.S.C. § 1915(e)(2). To state a cause of action under § 1983, a plaintiff must allege: "(1) a deprivation of a right secured by the Constitution or law of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted).

"Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings." *Warren v. Holland*, No. 4:08-cv-56-M, 2009 WL 1362296, at *4 (W.D. Ky. May 14, 2009) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Accordingly, Plaintiff's claims against Ms. Sinnott fail because, in her role as criminal defense counsel, she was not acting under the color of state law.

Further, because Plaintiff alleges liability on the part of Ms. Sinnott only in connection with her activities as his appointed counsel, the exceptions the Supreme Court and the Sixth Circuit have recognized when a public defender may be sued under § 1983, do not apply. *Cf. Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 612 (6th Cir.2007) (holding public defender was subject to liability under § 1983 where the allegations supported a finding that the challenged action was "administrative in nature").

Finally, to the extent Plaintiff is challenging his detention due to an alleged ineffectiveness of his public defender, such a claim is not cognizable under § 1983. *Warren*, 2009 WL 1362296, at *4. "If Plaintiff desires to raise such a claim in federal court, he may do so by bringing a *habeas* action under 28 U.S.C. § 2254 after exhaustion of his state-court remedies." *Id*. Accordingly, the Undersigned **RECOMMENDS** that the claims against Ms. Sinnott be **DISMISSED**.

### B. Claims Against CCPD and Director Marshall

Next, Plaintiff alleges CCPD and Director Marshall "failed to instruct, supervise, and discipline [Ms. Sinnott] on a continuing basis" which resulted in a violation of his constitutional rights. (Doc. 1-1 at 4). Notably, Plaintiff does not offer anything other than this assertion in support of his claims against these remaining Defendants.

4

In regard to CCPD, "a public defender's office is not a 'person' within the meaning of § 1983." *Newell v. Montgomery Cty. Pub. Def's Off.*, No. CIV.A. 3 09 0440, 2009 WL 1392838, *2 (M.D. Tenn. May 18, 2009) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Accordingly, because CCPD is not a "person acting under color of state law[,]" Plaintiff's § 1983 claim against it fails as a matter of law. Furthermore, Plaintiff has alleged no facts which would show CCPD maintained any "unconstitutional policy or custom." *See Powers*, 501 F.3d at 612 (holding public defender's office was subject to liability under § 1983 where the allegations supported a finding that the challenged action stemmed from an "unconstitutional policy or custom"). The Undersigned therefore **RECOMMENDS** the claims against CCPD be **DISMISSED**.

Plaintiff's claim against Director Marshall for failing to "instruct, supervise and discipline" Ms. Sinnott, similarly fails. "The law is well established that actions brought against state actors cannot be maintained on a theory of *respondeat superior*, unless the defendant was personally involved in the alleged violations of the plaintiff's constitutional rights." *Newell*, 2009 WL 1392838 at *2 (citing *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)). In other words, for Director Marshall to be vicariously liable, he must have "encouraged . . . directly participated . . . authorized, approved or knowingly acquiesced . . ." in the alleged constitutional violation. *Shehes v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Plaintiff has alleged no facts illustrating that Director Marshall was directly responsible for any of the alleged actions of Ms. Sinnott. Nor does he allege Director Marshall acted "pursuant to a policy or custom" attributable to CCPD that violated his constitutional rights. *Newell*, 2009 WL 1392838 at *2 (citing *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992)). As a

result, Plaintiff's allegations against Director Marshall fails to state a claim upon which relief can be granted and the Undersigned **RECOMMENDS** that the claims against him be **DISMISSED**.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**, and the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date:   September 7, 2021                             /s/ Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE